**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DAVID WARNER,

     Plaintiff,

v.

                                          Civ. No. 13-0440 GBW

VILLAGE OF RUIDOSO, A MUNICIPAL CORPORATION;
RUIDOSO CHIEF OF POLICE JOE MAGILL;
POLICE OFFICER SGT. JOEL MARTIN;
RUIDOSO POLICE OFFICER BELTRAN, individually
and in their official capacities,

     Defendants.

**ORDER TO SUBMIT DOCUMENTS**

Pro se Plaintiff David Warner, who is 52 years old with no dependents, has submitted two applications to proceed without prepayment of costs and fees under 28 U.S.C. § 1915, [hereinafter called motions to proceed *in forma pauperis* ("IFP")], neither of which is the long-form application required by this District.   *See* Docs. 3, 4.   The Court has previously granted permission for Warner to proceed IFP in a separate case against the Village of Ruidoso, its police chief, and two other police officers.   *See Warner v. Village of Ruidoso*, No. 12cv627 MCA/GBW (Doc. 4).   In his long-form application to proceed IFP filed in June 2012 in that case, Warner stated that he owns two automobiles (one of which he now does not mention in his IFP application); that he did not have

1

access to his assets because he was in divorce proceedings; and that he owned a house. *See id.* Doc. 2 at 3, 5.   The Court takes judicial notice that Warner's divorce proceedings have been finalized, and that the state court has issued an order dividing the parties' community assets.   *See Gonzales v. Warner*, No. D-1226-DM-201100151 (Carrizozo Dist. Ct. April 25, 2013).

Within 10 days of the filing of this Order, Warner shall resubmit a completely-filled-out long-form IFP application and attach to it a copy of the state court's April 25, 2013 Order, and a copy of "PETITIONERS LIST OF ITEMS IN HER POSSESSION AND ITEMS REQUESTED TO BE RETURNED" filed July 27, 2012 and "RESPONDENT'S LIST OF COMMUNITY ASSETS AND LIST OF ASSETS KNOWN TO RESPONDENT IN PETITIONER'S POSSESSION" filed July 26, 2012; as well as any list setting forth Warner's separate property submitted to the state court.   In addition, Warner shall submit to the Court a copy of his 2012 federal and state income taxes reporting all income generated by or for the DAVIS WARNER FOUNDATION FOR THE TRUTH, for which he is the Director and fund raiser.   If no income tax report has been filed, Warner shall state under penalty of perjury how much income the Foundation has received in the past two years.   He must also set forth his ownership rights in, and fair-market value of, the real property located in Torrance, New Mexico associated with Edmond Lujan ; and the fair-market value of the property he owns at 124

Worcester Dr. in Ruidoso, New Mexico, which the tax assessor values at almost $4000.

He shall further explain, under penalty of perjury, where and/or with whom he resides,

and how he pays for his truck and motorcycle insurance and gasoline/maintenance costs

if, as he contends, he has no income from any source, other than $200/month in food

stamps.

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE