IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID WARNER,

     Plaintiff,

v.                                       Civ. No. 13-440  MV/GBW

VILLAGE OF RUIDOSO, et al.,

     Defendants.

## ORDER TO PROVIDE SUFFICIENT INFORMATION TO EFFECT SERVICE AND RECOMMENDED DISPOSITION SHOULD PLAINTIFF NOT COMPLY

     This matter comes before the Court upon review of the record.  On August 28, 2013, Plaintiff filed an Amended Complaint.  *Doc. 17*.  Along with others, the Amended Complaint names Joel Martin and Code Enforcement Officer Brady as Defendants.  *Id*.  As of today, these individuals have not been served.  Prior to the filing of the Amended Complaint, the Court had permitted Plaintiff to proceed under 28 U.S.C. § 1915.  *Doc. 11*.  Consequently, the United States Marshal would perform the task of service, but Plaintiff was ordered to provide the personal addresses to the Clerk to enable such service.  *Id*.  Despite several letters from the Clerk of Court, Plaintiff has failed to provide sufficient addresses for Defendants Martin and Brady.  *See docs. 18, 28, 29*.

     Rule 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  FED. R. CIV. P. 4(m).  A plaintiff is entitled to a mandatory extension of time if he or she shows good cause for the failure to timely

effect service.  *Id.*  If a plaintiff fails to show good cause, then the court must consider

whether a permissive extension of time is warranted or whether to dismiss the case

without prejudice.  *Id.*

Title 28 U.S.C. § 1915 states that when an individual is granted leave to proceed

in forma pauperis, "[t]he officers of the court shall issue and serve all process, and

perform all duties in such cases."  Rule 4(c)(3) fits with section 1915 and provides that

the court must appoint a United States Marshal or Deputy Marshal to serve plaintiff's

process if the plaintiff is authorized to proceed in forma pauperis.  FED. R. CIV. P. 4(c)(3).

Because a party proceeding *in forma pauperis* is entitled to rely on the Marshals Service

for service of the summons and complaint, good cause exists to excuse a failure to serve

when the Marshals Service does not fulfill its duties.  *See e.g., Olsen v. Mapes*, 333 F.3d

1199, 1204 (10th Cir. 2003).  On the other hand, a plaintiff must cooperate with the

Marshals Service and identify the defendant by name and address so that service can be

accomplished.  *See Searles v. Werholtz*, 2010 WL 4861123, *2 (D. Kan. Nov. 16, 2010)

(unpublished) (attached as Ex. 1).  This requirement is particularly appropriate where,

as in this case, the indigent plaintiff is not a prisoner.  *See Leek v. Thomas*, 2009 WL

2876352 (D. Kan. Sep. 2, 2009) (unpublished) (attached as Ex. 2).

Despite successful efforts by Deputy U.S. Marshals to serve the other named

Defendants, the information provided by Plaintiff is insufficient to accomplish service

on Defendants Martin and Brady.  *See docs. 19, 20, 21, 22.*  Thus, pursuant to Rule 4(m),

Plaintiff is hereby ORDERED to provide current home addresses to the Court for the

Defendants Martin and Brady within seventeen days of this filing.  Should Plaintiff fail

to do so, I hereby RECOMMEND that Defendants Martin and Brady be dismissed from

this action without prejudice.

_____
UNITED STATES MAGISTRATE JUDGE

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**